## Case No. 15,689.

### UNITED STATES v. McKEE.

[Rev. Cas. 70.]

Circuit Court, S. D. Illinois.

REBELLION — LICENSE TO TRADE IN INSURGENT TERRITORY—CONFISCATION LAWS.

[One having a license to trade in insurgent territory, under the act of July 13, 1861 (12 Stat. 255), could not, in virtue thereof, acquire, by purchase or otherwise, any valid title to merchandise which was the individual property of an agent of the so-called Confederate States; for by the act of July 17, 1862, § 5 (12 Stat. 589), all the property of officers and agents of that government were made confiscable to the United States, and all sales or transfers thereof by them declared null and void.]

TREAT, District Judge. On the 16th of March, 1864, the United States navy seized 137 bales of cotton and a lot of rope, bagging and leather on the bank of the Red river, in Louisiana. The proceeds of this property are now claimed by John H. McKee. The proof shows this state of the case: The claimant has been a resident of New Orleans since the commencement of the Rebellion. The cotton, rope, bagging and leather were the individual property of A. W. McKee, a resident of upper Louisiana and from October, 1862, to the fall of 1864 the general agent of the treasury department of the Confederate States to purchase and dispose of cotton in the state of Texas and that part of Louisiana lying west of the Mississippi river. The claimant purchased the property in question of A. W. McKee on the 4th of March, 1864. The proof tends to show that he had a license to trade in insurgent territory issued under the provisions of the act of July 13, 1861. And he had permission from the commander of the United States forces in the department of the Gulf to pass through the United States lines into Upper Louisiana and bring away any property that he might there purchase. Section 5 of the act of congress of July 17, 1862, provides "that to insure the speedy termination of the present Rebellion, it shall be the duty of the president of the United States to cause the seizure of all the estate and property, money, stocks, credits and effects of the persons hereinafter named in this section, and to apply and use the same and the proceeds thereof, for the support of the army of the United States." The enumeration of persons includes "any person hereafter holding an office or agency under the government of the so-called Confederate States of America." And the section thus concludes, "and all sales, transfers or conveyances of any such property shall be null and void; and it shall be a sufficient bar to any suit brought by such person for the possession or use of such property, or any of it, to allege and prove that he is one of the persons described in this section." A. W. McKee accepted and held an important official position from the government of the Confederate States after the passage of this statute. And he continued to hold that position when he transferred the property in question. The statute was therefore strictly applicable to him and the property. It deprived him of the power of making any valid disposition of the property. It expressly declared any sale or transfer to be void. In this state of the case it is very clear that the claimant acquired no title. His purchase was simply void, because A. W. McKee had no capacity to dispose of the property. The claimant's license gave him no right to deal in this property. A statute subsequent in date to the one under which his license issued, prohibited any sale or transfer of the property. The provisions of the act of July 13, 1861, so far as they are in conflict with those of the act of July 17, 1862, must give way. It is a familiar principle of law, that where two statutes are inconsistent with each other the later statute must prevail. To the extent of the repugnance between them, the later statute is a modification or repeal of the former. If, therefore, the license issued under the act of July 13, 1861, in terms authorized the claimant to trade generally within insurgent territory, the act of July 17, 1862, must be considered as restricting that authority to the property of those holding no official relation to the government of the Confederate States. The claim must be dismissed.

UNITED STATES (McKEE v.). See Case No. 8,850.